Sandra KUEHL, Plaintiff

v.

**LAFARGE CORPORATION, David Jones and Edward Hickey, Defendants.**

No. CIV. A. 00–40046–NMG.

United States District Court, D. Massachusetts.

Sept. 17, 2001.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Sandra Kuehl ("Kuehl") seeks damages and equitable relief as a result of alleged sexual harassment by the defendants. Currently pending before this Court is her "Motion to Amend Complaint...and Remand to Superior Court" (Docket No. 19) and her subsequent "Further Motion to Amend Complaint...and Remand to Superior Court" (Docket No. 23).

### I. Background

Kuehl, a terminal operator at a cement distribution plant operated by defendant LaFarge Corporation ("LaFarge"), alleges that she was sexually harassed by her direct supervisor, defendant David Jones ("Jones"). According to the complaint, Jones, among other things, made sexual comments to Kuehl, talked to her about his genitals, stared at her "personal parts", repeatedly asked her out on dates despite her refusals, and put his arms around her shoulders and whispered offensive comments closely into her ear. Kuehl allegedly complained on various occasions to defendant Edward Hickey ("Hickey"), who offered her no assistance and did nothing to stop Jones' conduct. Shortly after her complaints, Hickey allegedly accused Kuehl of poor work performance and poor attendance and Kuehl was terminated.

On January 7, 2000, Kuehl filed suit against LaFarge, Hickey and Jones in Worcester Superior Court alleging violations M.G.L. c. 151B, 42 U.S.C. § 2000e (hereafter "Title VII") and 42 U.S.C. § 1983. On March 14, 2000, the defendants filed a notice of removal to this Court on the basis of federal question jurisdiction. On November 8, 2000, this Court allowed, by endorsement, the motion of defendants LaFarge and Jones to dismiss part of Count Three, which alleged sexual harassment in violation of M.G.L. c. 151B and Title VII.[1] Specifically, the claims against LaFarge and Jones for violation of § 1983 and the claim against Jones for violation of Title VII were dismissed. On February 28, 2001, the parties filed a stipulation of dismissal of Hickey as an individual defendant (Docket No. 21).

Also in February, 2001, Kuehl filed a "Motion...to Amend Complaint by Removing Count Three (III) and Remand to Superior Court" ("the first motion") (Docket No. 19), seeking to dismiss her outstanding federal claims and have the case remanded to state court. Upon discovering that the first motion failed to address Count Four, which contained allegations of retaliation in violation of federal law, as well as state law, Kuehl filed a "Further Motion of the Plaintiff to Amend Complaint by Removing Count Three (III) and Title VII portion of Count Four and Re-

---

1. Although Kuehl initially appeared to oppose that motion, she eventually consented to the partial dismissal of Count Three.

mand to Superior Court" (Docket No. 23). The defendants agree to the dismissal of Count Three and the Title VII portion of Count Four but oppose remand.

## II. Discussion

### A. Amendment of the Complaint

Kuehl seeks to amend her complaint by removing all remaining federal claims. The defendants do not oppose the motion to that extent and therefore, Count Three and the portion of Count Four alleging violations under Title VII will be dismissed with prejudice.

### B. Remand

■ Case law in the First Circuit Court of Appeals establishes that

[i]n a federal question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction, but, rather, sets the stage for an exercise of the court's informed discretion.

Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 256–57 (1st Cir.1996), citing 28 U.S.C. § 1367(c)(3) (stating that a district court "may" decline adjudication of lingering state law claims after it has dismissed "all claims over which it has original jurisdiction"). When making the decision to decline supplemental jurisdiction, the trial court "must take into account concerns of comity, judicial economy, convenience, fairness, and the like". Roche, 81 F.3d at 257.

While dismissal may sometimes be appropriate if the federal question is eliminated early in the proceedings, each case must be gauged on its own facts. The preferred approach is pragmatic and case-specific. Thus, in an appropriate situation, a federal court may retain jurisdiction over state-law claims not-

withstanding the early demise of all foundational federal claims.

Id. (citations and quotation marks omitted).

■ Although, as a general principle, the adverse disposition of a plaintiff's federal claims early in the litigation and before the commencement of trial warrants the dismissal without prejudice of any supplemental state-law claims, Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir.1995), that result is not compelled by a lack of judicial power, as demonstrated by the discretionary language in § 1367(c). It signifies only that

in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

Carnegie–Mellon University v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

■ One other "case-specific" factor to be considered is whether the plaintiff has engaged in any manipulative tactics. If the plaintiff has attempted to manipulate the forum, the court should take such behavior into account in determining whether the balance of factors support a remand in the case. Carnegie–Mellon University, 484 U.S. at 357, 108 S.Ct. 614.

■ In their opposition to remand, the defendants maintain that Kuehl should not be rewarded by a remand when she failed to oppose removal over one year ago and has only sought remand after the defects in her case have been revealed. They assert that it would be unfair for "the defendants and this Court to pay the price of a year of wasted time, effort and judicial resources" because Kuehl "has now

changed her mind regarding her complaint for purely manipulative reasons". Finally, the defendants contend that if this Court decides to remand the case to the Worcester Superior Court, Kuehl should be ordered to pay reasonable costs incurred by the defendants in removing and defending the federal claims before this Court.

■ Despite the defendants allegations to the contrary, Kuehl's recent decision to forgo her federal claims and attempt to proceed in state court does not appear to be impermissibly manipulative. It is entirely possible that Kuehl was not aware until recently that her federal claims lacked merit. In any event, the disposal of her federal claims at such an early stage in the proceedings, where (1) written discovery requests are not yet due, (2) discovery is not to be completed until October 21, 2001, and (3) a final pretrial conference is scheduled for May, 2002, all point toward allowing Kuehl's motion to remand.

With respect to the defendants' alternate request for costs incurred in removing and defending the federal claims before this Court, the defendants have cited no statutory or common law authority in support of such an award. Moreover, in initially seeking removal of a case asserting both federal and state law claims, the defendants took the risk of litigating only temporarily in the federal forum. Because this Court sees no extraordinary circumstances wherein the costs incurred by the defendants are anything other than those accrued in the normal course of defending against a complaint that asserts both federal and state law claims, the defendants will not be awarded the costs they currently seek.

### ORDER

For the foregoing reasons, the plaintiff's Further Motion to Amend and Remand (Docket No. 23) is **ALLOWED** as follows:

(1) all of the plaintiff's claims under Title VII, including the entirety of Count Three of the complaint and the portion of Count Four dealing with Title VII, are **DISMISSED with prejudice,**

(2) the Amended Complaint attached to the Further Motion to Amend and **Remand** (Docket No. 23) shall be docketed, and

(3) the case is **REMANDED** to the Worcester Superior Court.

The defendants' Opposition to the plaintiff's motion (Docket No. 20), which is treated as a cross-motion for costs, is **DENIED.** The plaintiff's Motion to Amend and Remand (Docket No. 19) is **DENIED as moot.**

So ordered.