Gerald Charles SOUCH,
Plaintiff–Appellee,

v.

Percy HOWARD, Jr., Defendant,

and

Bruce Kanter, Thomas Lutz,
Defendants–Appellants.

No. 00–15814.

D.C. No. 97–01157–PHX–HRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2001 [1].

Decided Nov. 9, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON and RAWLINSON, Circuit Judges, and WEINER, Senior District Judge.[2]

## MEMORANDUM[3]

Plaintiff–Appellee Gerald Charles Souch is in the custody of the Arizona Department of Corrections (ADOC). The Defendants–Appellants are Dr. Bruce Kanter and Dr. Thomas Lutz, both employed by the ADOC.

Souch began to complain about lower back pain soon after his incarceration in December of 1990. He received treatment from the ADOC medical staff. Souch was repeatedly examined by various doctors, including Defendants, to determine whether his treatment was appropriate. The doctors consistently concluded that his treatment was appropriate and in keeping with acceptable community standards of care.

In May of 1997, Souch filed a lawsuit against the Defendants under federal and state law. His federal claim was brought under 42 U.S.C. § 1983, and alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. Souch claimed that his treatment from the prison medical staff amounted to deliberate indifference to his medical needs.

Souch's state-law claim alleged that Arizona Revised Statute § 31–201.01 was being improperly retroactively applied to him. Arizona Revised Statute § 31–201.01

provided that "every inmate shall be charged a reasonable medical and health services fee for each medical visit an inmate makes ...." Ariz.Rev.Stat. § 31–201.01(G). The effective date of the statute was January 1, 1994. Souch was incarcerated in 1990. He alleged that because he committed his crimes before the effective date of § 31–201.01, he should not be charged for his prison medical visits.

Defendants Dr. Kanter and Dr. Lutz moved for summary judgment on both claims. The District Court granted summary judgment on the federal § 1983 claim. However, the District Court eventually ruled in Souch's favor on the state-law claim, finding that Arizona's medical fee-for-service statute did not apply to Souch because he committed his criminal offenses before the statute's effective date. The District Court also ruled that, despite its dismissal of the federal § 1983 claim, it still had jurisdiction over the state-law claim.

A district court's decision whether to retain supplemental jurisdiction over state-law claims when the original federal claims are dismissed is reviewed for an abuse of discretion. *Binder v. Gillespie,* 184 F.3d 1059, 1066 (9th Cir.1999), *cert. denied,* 528 U.S. 1154, 120 S.Ct. 1158, 145 L.Ed.2d 1070 (2000).

Federal courts have supplemental jurisdiction to consider state-law claims when they are "so related" to the federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is designed to promote "judicial economy, convenience, fairness, and comity." *Carnegie–Mellon University v. Cohill,* 484 U.S.

---

2. Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). When all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state-law claims. 28 U.S.C. § 1367(c); *Carnegie–Mellon,* 484 U.S. at 350 n. 7, 108 S.Ct. 614.

The District Court had original jurisdiction over Souch's § 1983 claim, and exercised supplemental jurisdiction to hear Souch's state-law claim. However, when the § 1983 claim was dismissed, and no other federal claim remained, the District Court abused its discretion by exercising jurisdiction over the state-law claim which was not related to the federal claim.

 The interpretation and construction of statutes are questions of law reviewed de novo. *See Boeing Co. v. Cascade Corp.,* 207 F.3d 1177, 1182 (9th Cir. 2000). A statute applies retroactively when new legal consequences are attached to events completed before the effective date of the statute. *Landgraf v. USI Film Prods.,* 511 U.S. 244, 270, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Zuther v. State of Arizona,* 199 Ariz. 104, 14 P.3d 295, 300 (Ariz.2000). With prisoners, the completed event is the "completion of all requirements necessary to make an inmate eligible for release from prison." *Zuther,* 14 P.3d at 301 (finding that an Arizona statute did not apply retroactively to inmate who had not completed his term of imprisonment). In Souch's case, he has not completed all the requirements needed to make him eligible for release. Therefore, Arizona Revised Statute § 31–201.01 did not apply retroactively to him.

Accordingly, the District Court's decision regarding supplemental jurisdiction is hereby REVERSED, and the District

Court's decision as to A.R.S. § 31–201.01 is also REVERSED.