

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2009

# Dione Williams v. Newark Beth-Israel M

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2287

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Dione Williams v. Newark Beth-Israel M" (2009). *2009 Decisions.* Paper 1553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2287

_____

DR. DIONE M. WILLIAMS,
                    Appellant

v.

NEWARK BETH ISRAEL MEDICAL CENTER;
SAINT BARNABUS HEALTHCARE SYSTEM

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-01649)
District Judge: Honorable Joel A. Pisano

_____

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2009

Before:  RENDELL, AMBRO and JORDAN, Circuit Judges.

(Filed: April 10, 2009)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

        Plaintiff/Appellant Dr. Dione Williams challenges an order of the District Court of

the District of New Jersey enforcing a settlement agreement between her and the Newark

Beth Israel Medical Center ("NBIMC"), and accordingly dismissing her employment

discrimination claims against Appellees.  Because we conclude that the agreement foreclosed the action on appeal, we will affirm.

We write solely for the benefit of the parties and only briefly summarize the essential facts.  Dr. Williams served for seventeen years as a surgeon at NBIMC.  NBIMC accused her of engaging in disruptive behavior that ultimately resulted in her suspension in June of 2004.  Attorneys for both parties subsequently executed an "Agreement and Acknowledgment" ("Settlement Agreement") under which the NBIMC agreed to terminate Williams' suspension, and Williams agreed not to exercise her remaining privileges at the NBIMC or seek reappointment.  Williams also agreed to waive "all potential claims against [NBIMC] arising out of her privileges and appointment at the Medical Center."  (App. 64-65.)  The Settlement Agreement also contained the following statement addressed to Dr. Williams' attorney: "Upon receipt of your agreement on behalf of Dr. Williams, I will submit to you an appropriate Release to be executed by Dr. Williams."  (App. 65.)  It is undisputed that no separate release was ever executed by Dr. Williams.

Dr. Williams brought suit in state court against NBIMC and the St. Barnabas Health Care System in 2006, alleging employment discrimination violations under state and federal law.  Appellees removed the matter to the District Court without objection. On October 4, 2007, after extensive discovery, the District Court granted a motion by Dr. Williams to withdraw all federal claims with prejudice, but denied her motion to

2

withdraw all state claims and her motion to remand the case to state court. On April 7, 2008, the District granted a motion by NBIMC to enforce the Settlement Agreement and dismiss Dr. Williams' remaining claims. Dr. Williams filed a timely appeal.

We have jurisdiction to review this final order under 28 U.S.C. § 1291. *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002). We apply "plenary review to a district court's construction of settlement agreements, but . . . review a district court's interpretation of settlement agreements, as well as any underlying facts, for clear error." *Id.* We review a district court's decision to retain jurisdiction over non-federal supplemental claims for abuse of discretion. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 276 (3d Cir. 2001). We also review a district court's decision to modify its procedural orders for abuse of discretion. *See In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 192 (3d Cir. 2000).

First, Dr. Williams argues that the District Court abused its discretion in retaining jurisdiction over this case after her federal claims had been withdrawn. Under 28 U.S.C. § 1441(c), the District Court has the discretion to remand state law claims or to exercise supplemental jurisdiction. This discretion "enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of judicial economy, procedural convenience, fairness to litigants, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Attempts at forum manipulation by a plaintiff may weigh against remand. *See Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233

3

(3d Cir. 1995).

In denying remand, the District Court noted that Dr. Williams "offer[ed] no explanation for her desire to abandon the federal claims," and it appeared her motion to dismiss the remaining claims was an "attempt to shield her claims from the imminent threat of" dismissal and/or summary judgment due to her waiver. (App. 16.) The Court stated that it had become familiar with the matter due to the time involved in the litigation and the Court's resolution of certain discovery issues. The Court reasoned that "[t]o remand Plaintiff's . . . claims to state court and start anew, after the time and resources the parties and the Court have expended, would be against the interests of judicial economy, fairness and convenience, and would invite the manipulation of the forum." (App. 17.) In light of these reasons, which are supported in the record, we cannot say that the District Court abused its discretion in retaining jurisdiction over the state law claims.

Next, Dr. Williams argues that the Settlement Agreement did not represent a meeting of the minds because it expressly contemplated additional terms in the form of a subsequent release. She contends that the agreement should be unenforceable or, in the alternative, that a hearing should have been required on the matter.

We disagree. In New Jersey, a settlement agreement "is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." *Pascarella v. Bruck*, 462 A.2d 186, 190 (N.J. Super. Ct. App. Div. 1983). Enforcement

4

of such agreements supports "a strong public policy favoring the settlement of litigation." *Chattin v. Cape May Greene, Inc.*, 524 A.2d 841, 845 (N.J. Super. Ct. App. Div. 1987). Further, "the failure to execute release documents does not void the agreement, or render it deficient from the outset." *Jennings v. Reed*, 885 A.2d 482, 489 (N.J. Super. Ct. App. Div. 2005). Moreover, even if the formal execution of a contract is contemplated but not achieved, one party's "undertaking of performance, concurred in by the other party, is generally taken as strongly probative of an intention" of the parties to be bound. *Comerata v. Chaumont, Inc.*, 145 A.2d 471, 475 (N.J. Super Ct. App. Div. 1958).

The executed Settlement Agreement here includes all material terms relevant to this matter, most notably the waiver by Dr. Williams of all potential employment claims against NBIMC. Although the Settlement Agreement contemplates a subsequent formal release, the failure of the parties to execute such a release does not void the executed agreement. Additionally, Dr. Williams' conduct in conformity with the contract, in not attending to patients in NBIMC or seeking reappointment, is a strong indication of her intent to be bound by the terms of the Settlement Agreement. We find no clear error in the District Court's findings with regard to the Settlement Agreement, and agree with the District Court's construction of the agreement whereby Dr. Williams is bound by her waiver. The contractual language is clear and unambiguous, and we find no basis to conclude that any hearing on the matter was required.

We also reject Dr. Williams' argument that the District Court abused its discretion

5

by entering an order ahead of its original deadline, thus denying Williams an opportunity to file a reply brief. Dr. Williams moved for reconsideration of the order, but did not alert the District Court to any concern regarding its timing or her inability to file a reply brief. Moreover, Dr. Williams has not identified any argument that had not already been presented in support of her unsuccessful motion. Thus, a reply brief would have been of no consequence to the District Court's order of October 4th.

Finally, we reject Dr. Williams' cursory argument that the District Court erred in issuing an order on January 22, 2008 instructing the parties that Defendants would file a motion to enforce the Settlement Agreement by February 8, 2008. Dr. Williams argues that this order resulted from a "confidential communication" between Appellees and the District Court, thus putting her at an unspecified "disadvantage." (App. Br. 29.) Even if the District Court's conduct was in any way problematic, it is clear that Dr. Williams suffered no harm.[1]

For the foregoing reasons, we will affirm the April 7, 2008 order of the District Court enforcing the Settlement Agreement and dismissing Dr. Williams' claims.

---

[1] Thereafter, the Court acceded to the request of counsel for Dr. Williams for a one month extension to the filing date of Defendants' motion, in which counsel raised no concerns regarding the purported confidential communication.