## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NARDYNE JEFFERIES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil No. 11-1159 (RCL)** |
| | ) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff originally filed this action in the Superior Court of the District of Columbia. *See* Compl., Mar. 30, 2011, ECF No. 1-1. Upon notice by the District of Columbia, this case was removed to the United States District Court for the District of Columbia. *See* Notice of Removal, June 26, 2011, ECF No. 1. As asserted in the Notice of Removal:

> The grounds for removal is that the Complaint asserts, inter alia, causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" which are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). The complaint as whole implicates a number of federal agencies and alleges violations of federal law in the District of Columbia.

*Id*. at 4. After the case was removed to federal court, pursuant to unopposed motions to dismiss many federal and municipal agencies were dismissed with prejudice. *See* ECF Docket Entries 8, 15, 17, 18, 20, 21.

On January 7, 2013, this Court ruled on the District of Columbia and Police Chief Cathy Lainer's Motion to Dismiss. Mem. Op., Jan. 7, 2013, ECF No. 33; Order, Jan. 7, 2013, ECF No. 32. The Court dismissed all claims against Chief Lanier in her official capacity with prejudice, and all claims against Chief Lanier in her individual capacity without prejudice and with leave to

amend the complaint. Order 1, ECF No. 32. The Court dismissed the plaintiff's request for punitive damages without prejudice and with leave to amend the complaint. *Id*. The Court

> denied defendant District of Columbia's Motion to Dismiss as to plaintiff's claims under Count Two, Count Three, and Count Fourteen that arise from the following factual allegation made in ¶ 42 of plaintiff's Complaint, Mar. 30, 2011, ECF No. 1-1: "[T]he ambulance driver closest to the scene that would have had the most impact on saving lives of the critically injured African American youths of Wards 7 and 8 was the last to arrive. Instead of dispatching to the scene when it first received the emergency call, the ambulance operators chose to run personal errands."

*Id*. at 2. As to all other claims against the District of Columbia, the Court either denied them with prejudice, or without prejudice and with leave to amend the complaint. The Court granted the plaintiff leave to amend her complaint within thirty days of the date of the Order.

Those thirty days elapsed on February 7, 2013. The plaintiff has not filed an amended complaint, or requested from this Court additional time in order to file an amended complaint. Therefore, the Court shall **DISMISS WITH PREJUDICE** all plaintiff's claims against Cathy Lanier, the plaintiff's request for punitive damages from the District, the plaintiff's claims under Counts One, Four, Six, and Seven, and the plaintiff's claims under Counts Two, Three, and Fourteen that do *not* relate to the alleged affirmative negligence of the ambulance driver closest to the scene (as described in ¶ 42 of plaintiff's Complaint).

When combined with the claims the Court previously dismissed with prejudice, the only claims that remain against the District of Columbia are:

> plaintiff's claims under Count Two, Count Three, and Count Fourteen that arise from the following factual allegation made in ¶ 42 of plaintiff's Complaint, Mar. 30, 2011, ECF No. 1-1: "[T]he ambulance driver closest to the scene that would have had the most impact on saving lives of the critically injured African American youths of Wards 7 and 8 was the last to arrive. Instead of dispatching to the scene when it first received the emergency call, the ambulance operators chose to run personal errands."

*Id.* Count Two is for "Wrongful Death, Survival, and Loss of Consortium," Compl. ¶¶ 57–68; Count Three is for "Gross Negligence and Negligence," *id.* ¶¶ 69–82; Count Fourteen is for "Intentional Inflection of Emotional Distress," *id.* ¶¶ 129–30. These are all District of Columbia common law causes of action, and do not substantially implicate federal law or the Constitution. There is no diversity between the parties or other basis for original federal jurisdiction.

The key question—whether the alleged conduct constitutes "affirmative negligence" by emergency personnel for which the District can be liable in tort—is one of D.C. common law. *See*, *e.g.*, *Johnson v. District of Columbia*, 580 A.2d 140, 142–43 (D.C. 1990). For plaintiff's claims to be viable under such an affirmative negligence theory, it might require an expansion or refinement of the current doctrine. *Compare Hines v. District of Columbia*, 580 A.2d 133, 138–40 (D.C. 1990) (public duty doctrine bars suit against District for actions in connection with dispatch and provision of emergency ambulatory care); *Wanzer v. District of Columbia*, 580 A.2d 127, 132 (D.C. 1990) ("A one-time call to 911 for help does not establish a special relationship."); *with Johnson*, 580 A.2d at 142–43 (District can liable for affirmative negligence of its emergency personnel whose actions worsened plaintiff's injuries); *Weeda v. District of Columbia*, 521 A.2d 1156, 1158–61 (D.C. 1987) (D.C. could be held liable for negligent acts of emergency personnel in administering emergency medical care; public duty doctrine not raised).

When there are no federal issues remaining, and the only remaining issues touch on developing areas of D.C. common law, it is appropriate for the Court to refuse to exercise supplemental jurisdiction and to remand those claims to Superior Court. *See*, *e.g.*, 28 U.S.C. § 1367(c)(1),(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim…if (1) the claim raises a novel or complex issue of State law,…[or] (3) the district court has dismissed all claims over which it has original jurisdiction[.]"); *Carnegie–Mellon Univ. v.*

*Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Alraee v. Board of Trustees of Univ. of Dist. of Columbia*, ___ F. Supp. 2d __, 2012 WL 3834888, *4 (D.D.C. Sept. 5, 2012) (after dismissing plaintiff's federal claims, court "declin[ed] to exercise supplemental jurisdiction over [plaintiff's] state law claims because these claims raise a novel or complex issue of D.C. law" and remanded case to Superior Court).

The Court also dismissed *sua sponte*, and with prejudice, all claims against defendants ROMARM S.A. and Vasile Marius Crisan, General Manager of ROMARM. Mem. Op. & Order, Jan. 7, 2013, ECF No. 35. Furthermore, after issuing a Rule 4(m) notice to plaintiff on January 8, 2013, ECF No. 34, and providing the plaintiff adequate time to respond, the Court dismissed with prejudice all claims against defendants D.C. Public Schools and Kaya Henderson, Rule 4(M) Order, Jan 23, 2012, ECF No. 36.

As the Court examines the Complaint, docket, and prior orders, the Court finds that only these parties and claims remain:

- Plaintiff's factually-limited common law claims under Counts Two, Three and Fourteen against the District of Columbia;

- Plaintiff's claims, not based on violations of federal law or the Constitution, against non-diverse parties Peaceaholics and Peace Abode; and

- Plaintiff's claims, not based on violations of federal law or the Constitution, against non-diverse parties Jane Doe and John Doe.

Having dismissed all matters against diverse or federal parties with prejudice, and all claims based on federal law or the Constitution with prejudice, the Court currently lacks subject matter or diversity jurisdiction over plaintiff's remaining claims. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Rep. of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case."); *D.C. Prof. Taxicab Drivers Ass'n v. Dist. of Columbia*, 880 F. Supp. 2d 67, 77 (D.D.C. 2012) ("When a case removed from state court no longer contains any basis for federal court jurisdiction, remanding the case to state court is the proper course of action."). Therefore, the Court hereby **REMANDS** this matter for further proceedings to the District of Columbia Superior Court, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

The Court further **ORDERS** its January 7, 2013 Order holding any and all discovery in abeyance, ECF No. 32, shall be lifted upon remand of this case to the D.C. Superior Court.

**IT IS SO ORDERED**

Signed by Royce C. Lamberth, Chief Judge, on February 19, 2013.