**WEST COAST, INC., Plaintiff,**

v.

**SNOHOMISH COUNTY, a Municipal Corporation, Defendant.**

No. C98–1488L.

United States District Court, W.D. Washington.

Jan. 20, 1999.

William Mitchell Cogdill, Jr., Cogdill & Carter, Everett, WA, for West Coast Inc., plaintiff.

Joseph B. Genster, Snohomish County Prosecuting Attorney, Civil Division, Everett, WA, for Snohomish County, defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND STATE CLAIMS AND STAY FEDERAL CLAIM

LASNIK, District Judge.

Plaintiff West Coast, Inc. ("West Coast") filed two actions in state court against defendant Snohomish County ("County") alleging causes of action arising out of the County's denial of a permit application. The two actions seek different remedies. The first action, No. 98–2–02951–8, seeks declaratory relief, reversal of the permit denial, and certain damages permitted under Ch. 64.40 RCW. The second action, No. 98–2–07945–1, was filed six months after the first and seeks damages for misrepresentation, intentional interference with business expectancy, and violations of 42 U.S.C. § 1983.

West Coast moved to consolidate the two actions before the Superior Court, but the County removed the second action, No. 98–2–07945–1, to federal court based on the inclusion of the § 1983 claim. West Coast now seeks remand of the state claims to Snohomish County Superior Court and a stay of further proceedings by this Court with regard to the § 1983 claim. Plaintiff's Memorandum at 5.

■ Pursuant to 28 U.S.C. § 1441(c), following removal of an action from state court the district court may, in its discretion, remand all "separate and independent" matters "in which State law predominates." The § 1983 claim at issue here arises out of the same operative facts that gave rise to plaintiff's state tort claims. Thus, § 1441(c) is not applicable. *See Brockman v. Merabank,* 40 F.3d 1013, 1016–17 (9th Cir.1994). *See also* WM. W. SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL §§ 2:786–2:804 (1998).

■ Defendant's removal of this action has brought not only the § 1983 claim, but also the related state law claims of misrepresentation and intentional interference with business expectancy before this Court. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over such related state law claims if:

(1) the claims raise novel or complex issues of State law;

(2) the claims substantially predominate over the claim over which the district court has original jurisdiction;

(3) the district court has dismissed the claim over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Court finds, pursuant to § 1367(c)(2), that the issues involved in West Coast's state law claims, namely the facts surrounding the County's denial of West Coast's permit applications and the propriety and legality of those actions under Washington's land use statutes and regulations, predominate over the federal claim. The factual findings and legal analysis that are necessarily part of an adjudication of West Coast's state law claims will inform, and possibly control, many of the findings regarding the § 1983 claim. As West Coast's statement of facts makes clear, its federal claim is merely an alternative device to recover damages arising from the same actions that are at issue in its state law claims. Plaintiff's Memorandum at 4.

■ The Court also finds that 28 U.S.C. § 1367(c)(4) is applicable. In determining whether there are "compelling reasons" to decline to exercise jurisdiction under subsection (4), the Court should consider "the values of economy, convenience, fairness, and comity." *Executive Software N. Am., Inc. v. United States District Court,* 24 F.3d 1545, 1557 (9th Cir.1994) (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). In the circumstances presented here, those values support a remand of the state law claims to state court. A related action that cannot be removed to federal court, No. 98–2–02951–8, is already pending in Snohomish County Superior Court. Retaining the state law claims that arose out of plaintiff's land use dispute in federal court while the underlying facts of the land use dispute itself are adjudicated in

state court would result in duplicative litigation, wasted judicial resources, needless expenditures for both parties, conflicting case schedules, a potential race to judgment, and/or the possibility of inconsistent verdicts. General principles of comity and fairness support the remand of the state claims so that they can be heard together with the pending state court action. Thus, pursuant to 28 U.S.C. § 1367(c)(2) and (4), the Court declines to exercise its supplemental jurisdiction over the state law claims.

Because the § 1983 claim being retained by this Court and the state law claims that will now be decided by the state court are factually related, and because simultaneously litigating these issues in both forums may result in a number of unfortunate occurrences, as described above, the federal proceedings on the § 1983 are stayed.

In light of the Court's remand of the state law claims and stay of the federal claim under the statutory authority of 28 U.S.C. § 1367(c), plaintiff's arguments for abstention have not been considered.

Plaintiff is not entitled to costs and attorneys' fees under 28 U.S.C. § 1447(c). Defendant's removal of this action was not improper, even though the Court has declined to exercise its supplemental jurisdiction over the related state law claims.

Plaintiff's motion is, therefore, GRANTED. The misrepresentation and intentional interference with business expectancy claims are remanded to the Superior Court of Snohomish County pursuant to 28 U.S.C. § 1367(c)(2) and (4).