**Richard ANDERSON, Plaintiff–Appellant,**

v.

**Richard CASH, individually; Jerry Scott, in his official capacity, Defendants–Appellees.**

No. 02–6356.

United States Court of Appeals, Sixth Circuit.

June 25, 2003.

Before NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

*ORDER*

Richard Anderson, a pro se Tennessee state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983

& 1988. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, injunctive relief, attorney's fees, and costs, Anderson sued Tennessee State Highway Patrol Trooper Richard Cash in his individual capacity and Tennessee State Highway Patrol Colonel Jerry Scott in his official capacity. Anderson claimed that Trooper Cash used excessive force when arresting him and that Colonel Scott failed to train subordinates in the use of force, in violation of rights under the Fourth and Fourteenth Amendments. Anderson also alleged state law assault and battery claims.

Anderson dismissed his claims against Colonel Scott pursuant to an agreed order. The district court granted summary judgment in favor of Trooper Cash and declined to consider the state law claims. Anderson appeals.

On appeal, this court reviews a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The facts and inferences drawn therefrom are to be viewed in the light most favorable to plaintiff. *Jackson v. Leighton*, 168 F.3d 903, 909 (6th Cir.1999). Ultimately, this court must decide whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of

law. *See Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Claims alleging excessive force in the course of an arrest or other seizure are governed by the Fourth Amendment. *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002), *cert. denied*, 537 U.S. 1104, 123 S.Ct. 866, 154 L.Ed.2d 772 (2003) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The Fourth Amendment requires that a police officer's use of force be objectively reasonable, and courts must balance the consequences to the individual against the government's interests in effecting the seizure. *See Graham*, 490 U.S. at 396. The "objective reasonableness" standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case. *See id.* Courts evaluating the reasonableness of force used "should pay particular attention to 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Darrah v. City of Oak Park*, 255 F.3d 301, 307 (6th Cir. 2001) (quoting *Graham*, 490 U.S. at 396).

■ Trooper Cash met his initial burden of presenting evidence so one-sided that he must prevail as a matter of law. Cash averred that he stopped Anderson on I–65 in Williamson County, Tennessee because Anderson was driving at 98 miles per hour. Anderson failed a field sobriety test and was placed in the back of a patrol car. While Cash conducted an inventory search of Anderson's car, Anderson kicked out the patrol car's window, exited the patrol car, and ran towards his car in an

effort to escape. Cash fought with Anderson to prevent him from escaping. Cash was unable to subdue Anderson and the parties ended up fighting in Anderson's vehicle. Despite ordering Anderson to stop and striking Anderson in an effort to stop him, Anderson was able to accelerate the car into a lane of travel on the interstate highway. Because he feared for his life and the safety of others traveling on the interstate highway, Cash fired his service pistol several times—hitting and wounding Anderson.

In light of the foregoing, Anderson was required, yet failed, to present significant probative evidence in support of this claim. Anderson admitted in his deposition that his actions in driving the car before the shooting began put Trooper Cash and the traveling public at risk of serious harm or death. Even after Trooper Cash began shooting, Anderson did not stop the car but reached out and tried to grab the gun. Thus, Trooper Cash was faced with a threat of serious physical injury to himself and to other drivers on the interstate highway. He first tried to stop Anderson by shifting the car's gear shift into "park." Trooper Cash tried to stop Anderson by using physical force and issuing warnings to stop. When those efforts failed, Cash struck Anderson on the head with his service pistol. Anderson refused to stop. Anderson admits that he posed an immediate threat to the safety of the officer or others, and that he was actively resisting arrest or attempting to evade arrest by flight. *See Darrah*, 255 F.3d at 307 (quoting *Graham*, 490 U.S. at 396). Thus, there exists no genuine issue of material fact with regard to Anderson's excessive force claim, and the district court properly granted summary judgment in favor of Trooper Cash.

■ Even if a genuine issue of material fact exists with regard to Anderson's excessive force claim, Trooper Cash is enti-

tled to qualified immunity from Anderson's claim. In civil damage actions arising out of a government official's performance, the official is generally entitled to qualified immunity from suit insofar as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." If, however, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* Once it is determined that the right is clearly established, the court must then decide whether a reasonable person in the defendant's position would have known that his or her actions violated clearly established rights.

Upon review, we conclude that a reasonable police officer in Trooper Cash's position would not have understood that under the conditions set forth above that his conduct would violate Anderson's right to be secure from unreasonable search and seizure.

■ Finally, we conclude that the district court did not abuse its discretion by not exercising supplemental jurisdiction over Anderson's state law claims for assault and battery. It is settled law that the district court may exercise jurisdiction over a pendent state law claim, even after the basis for removal to federal court has been eliminated, if recommended by a

careful consideration of factors such as judicial economy, convenience, fairness, and comity. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Generally, if the federal claims are dismissed before trial, the state claims should be dismissed as well. *Taylor v. First of Am. Bank–Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992) (citing *Gibbs,* 383 U.S. at 726).

Here, the interests of judicial economy and fairness did not favor the district court's retention of jurisdiction.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.