MEMORANDUM **
Sherie Campbell (“Campbell”) appeals an adverse grant of summary judgment on her state law claims against the City of Boise, Idaho (“Boise”), for unlawful search and unlawful arrest under the Idaho Constitution and the denial of her motion to remand these claims to state court.
After properly dismissing Campbell’s 42 U.S.C. § 1983 claims in light of Virginia v. Moore, - U.S. -, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008), the district court granted summary judgment on Campbell’s remaining state law claims rather than remanding them to Idaho state court because no Idaho authority suggests the existence of statutory or direct causes of action for violations of the Idaho Constitution.
As the district court noted, although no Idaho state appellate court has resolved the question, all relevant state district court decisions hold no such causes of action exist. See Bjorkman v. Moscow Sch. Dist. No. 281, Case No. CV-97-00898, at *8 (D. Idaho, filed Nov. 29, 1999) (citing Spurrell v. Bloch, 40 Wash.App. 854, 701 P.2d 529, 535 (Wash.Ct.App.1985)); Leibe v. Idaho Falls Sch. Dist. No. 91, Case No. CV-97-1101, at *21 (D. Idaho, filed Sept. 16, 1998) (a state constitutional guarantee does not establish a cause of action “without the aid of augmenting legislation”) (citing Spurrell, 701 P.2d at 535); Willie v. Oneida Sch. Dist. No. 351, Case No. CV-04-537-E-50 (D. Idaho, filed Jan. 17, 2001) (no state constitutional cause of action exists where separate legislation outlines due process rights of an annual contract teacher).
Given the absence of any state authority in support of Campbell’s theory of recovery, the district court did not abuse its discretion by granting summary judgment. Federal courts may exercise jurisdiction over remaining state law claims when, as here, judicial economy, convenience, fairness, and comity support that result. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). We will affirm a district court’s application of these factors unless “the ju *301 dicial action is arbitrary, fanciful or unreasonable” or no reasonable person would take the view adopted by the trial court. Peek v. United States, 321 F.2d 934, 942 (9th Cir.1963) (citations omitted).
To prevail on remand, Campbell would have had to convince the Idaho courts to recognize, for the first time, either a direct cause of action for constitutional violations or an unprecedented reading of the Idaho Tort Claims Act, Idaho Code § 6-903(a). Even if she were to succeed in doing so, Campbell’s claim would still fail unless an Idaho court also found that her arrest and the search incident to it were unlawful under Article 1, § 17 of the Idaho Constitution, an unlikely event in light of Virginia v. Moore, 128 S.Ct. 1598.
Under these circumstances, the district court’s actions were not “arbitrary, fanciful or unreasonable.” Peek, 321 F.2d at 941 (citation omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.