**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARAMOUNT CONTRACTORS AND DEVELOPERS, INC, a California corporation,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>CITY OF LOS ANGELES, a California municipal corporation,<br><br>        Defendant - Appellee. | No. 08-56033<br><br>D.C. No. 2:07-cv-00159-ABC-JWJ<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted May 2, 2011
Pasadena, California

Before: NOONAN and WARDLAW, Circuit Judges, and KORMAN, Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District Judge, Eastern District of New York, sitting by designation.

Paramount appeals the district court's July 23, 2007 and June 6, 2008 orders granting in part the City of Los Angeles's ("City's") motions to dismiss and for summary judgment. In light of the City's September 2010 amendment to the Hollywood Signage Supplemental Use District ("Hollywood SUD") prohibiting new supergraphic signs, *see* Los Angeles City Ordinance No. 181340, at § 5(B)(11), and thus eliminating both the Hollywood SUD sign reduction program, *see* Los Angeles City Ordinance No. 176172, at § 9, and the City's prior delegation of authority to the Community Redevelopment Agency to negotiate exceptions to that program in exchange for fees, *see id.*, we dismiss this appeal as moot.

The statutory change renders Paramount's claims for declaratory and injunctive relief moot. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900-01 (9th Cir. 2007). This is not the "rare" situation "where it is virtually certain that the repealed law would be reenacted." *Id.* at 901 (quoting *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994)). The only exceptions to the wholesale supergraphic ban in the amended Hollywood SUD are for projects with vested rights under California law and grandfathered projects that were approved on or before November 12, 2008. *See* Los Angeles City Ordinance No. 181340, at § 6(K). Even if the City improperly denied Paramount supergraphic permits, however, Paramount "lacked a vested property right in its

2

unapproved billboard permit application." *See Outdoor Media Group*, 506 F.3d at 903. That Paramount has raised similar claims in another lawsuit is irrelevant to whether this appeal is moot.

Paramount's claim for damages does not present a live controversy, because Paramount, for strategic reasons, disavowed damages before the district court. *See* June 6, 2008 District Court Order at 11; *see also Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1096 (9th Cir. 2001). Paramount here asserts that it only disavowed claims for past damages, and that it remains entitled to seek damages incurred between the district court's order on June 6, 2008 and the City's amendment of the Hollywood SUD on September 28, 2010. The record belies Paramount's assertion that it limited its disavowal to "past" damages. On April 28, 2008, Paramount filed its Statement of Genuine Issues, which deemed "uncontroverted" the City's representation that "Paramount has acknowledged that it is not seeking damages in this action." In any event, Paramount is not able to demonstrate that any alleged damages it incurred after the district court's order resulted from application of the provisions of the Hollywood SUD challenged in the complaint. Moreover, the City confirmed at oral argument that its post-judgment enforcement actions are based on the versions of Los Angeles Municipal Code §§ 14.4.4(B)(9) and 14.4.4(B)(11) amended as of August 14, 2009, and that

3

is has not, and will not, seek damages on the basis of the provisions eliminated as a result of the September 2010 amendment.

Paramount's interest, if any, in attorney's fees is "insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990).

Paramount's appeal is **DISMISSED** as moot.