

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMOUNT CONTRACTORS AND DEVELOPERS, INC., a California corporation; et al., | No. 11-56536 |
| | D.C. No. 2:08-cv-05653-ABC-PLA |
| Plaintiffs - Appellants, | |
| v. | |
| | MEMORANDUM[*] |
| CITY OF LOS ANGELES, a California municipal corporation and CRA/LA, A DESIGNATED LOCAL AUTHORITY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted March 8, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Suzanne B. Conlon, District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

In this civil rights action under 42 U.S.C. § 1983, Paramount Contractors and Developers, Inc., Sunset Blvd. Properties, LP, Patricia High and Bradley Folb (collectively "Paramount") sought equitable relief and damages for alleged First Amendment, Equal Protection, and takings violations related to Los Angeles sign ordinances. Paramount sued the City of Los Angeles (the "City") and the Community Redevelopment Association of the City of Los Angeles ("CRA"). In three separate orders, the district court dismissed all of Paramount's claims for failure to state a claim for relief. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** To the extent that Paramount challenges the City's sign ordinances and their application prior to the November 17, 2010 amendment of the Hollywood Signage Supplemental Use District ("SUD"), *see* Los Angeles City Ordinance No. 181340 § 5(B)(11) *amending* Los Angeles City Ordinance No. 176172, those challenges are foreclosed by this court's decision in *Paramount Contractors & Developers, Inc. v. City of Los Angeles*, 434 F. App'x 662 (9th Cir.) *cert. denied*, 132 S. Ct. 502 (2011) ("*Paramount I*"). *See United States v. Johnson*, 256 F.3d 895, 915-16 (9th Cir. 2001) (en banc).

**2.** Paramount also challenges the amended Hollywood SUD, effective as of November 17, 2010, alleging that under *Central Hudson*, the ban on supergraphics

(with a limited grandfather exception) reaches further than is necessary to achieve its stated goals of aesthetics, traffic safety and economic development.[1] *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980). Paramount argues that if the original Hollywood SUD, which allowed for some new supergraphics, met the City's stated regulatory goals, then a more restrictive regulation of supergraphics is not sufficiently tailored. We disagree. "[T]he *Central Hudson* test requires that the challenged regulation not be 'more extensive than is necessary to serve that interest.' The Supreme Court has clarified that this requirement does not demand that the government use the least restrictive means to further its ends." *Metro Lights, L.L.C. v. City of Los Angeles*, 551 F.3d 898, 906 (9th Cir. 2009) (citation omitted). "Rather, 'what [precedent] require[s] is a fit between the legislature's ends and the means chosen to accomplish those ends—a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served; that employs not necessarily the least restrictive means but ... a means narrowly tailored to achieve the desired objective.'" *Id*. (quoting *Bd. of Trs.*

---

[1] To the extent that Paramount challenges L.A. Mun. Code §§ 14.4.4(B)(9)-(11), this court has upheld the constitutionality of these provisions against similar challenges. *See World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 682, 687-89 (9th Cir. 2010).

*of State Univ. of New York v. Fox*, 492 U.S. 469, 480 (1989) (internal quotation marks and citation omitted)).

This court has upheld similar "complete" bans that contain such limited exceptions. *See id.* at 911-12; *see also Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 508 (1981) (explaining in upholding a ban on billboards that "[i]f the city has a sufficient basis for believing that billboards are traffic hazards and are unattractive, then obviously the most direct and perhaps the only effective approach to solving the problems they create is to prohibit them").

Moreover, this court has recognized that a city is not bound in perpetuity to a singular regulatory scheme just because it permitted a certain number of signs under one scheme. *See Metro Lights*, 551 F.3d at 910 (noting that the Supreme Court has "exude[d] deference for a municipality's reasonably graduated response to different aspects of a problem"). Similarly, the City did not run afoul of *Central Hudson* when it reduced the number of exceptions to the supergraphics ban.

Nor was the City required to set forth factual findings to justify its 2010 amendment to the SUD. *See Desert Outdoor Adver., Inc. v. City of Moreno Valley*, 103 F.3d 814, 819 n.2 (9th Cir. 1996) (noting that "[i]nsofar as billboards are concerned . . . [h]ad the City enacted the ordinance with a clear statement of purpose indicating the City's interest in eliminating the hazards posed by

billboards to pedestrians and motorists and in preserving and improving its appearance, the City would have demonstrated that the ordinance sought to implement substantial governmental interests, and would thus have satisfied the first prong of the *Central Hudson* test").  Here, the City set forth a clear statement of purpose both when it enacted the original Hollywood SUD and the amended Hollywood SUD.  *See* Los Angeles City Ordinance No. 181340 § 2; Los Angeles City Ordinance No. 176172 § 2.

**3.**  Finally, Paramount also seeks damages under a theory that had it been granted a permit under the original Hollywood SUD, it would have been grandfathered in under the amended Hollywood SUD.  This theory attempts to accomplish indirectly what Paramount cannot do directly—claim damages that are precluded by *Paramount I*.  Since Paramount was "not able to demonstrate that any alleged damages it incurred . . . resulted from application of the provisions of the Hollywood SUD challenged in the complaint," 434 F. App'x at 663-64, Paramount cannot now trace its damages back to its failure to obtain a permanent supergraphics permit under the original Hollywood SUD.

**AFFIRMED.**

-5-