UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



PARAMOUNT CONTRACTORS AND DEVELOPERS, INC, a California corporation,

              Plaintiff-Appellant,

  v.

CITY OF LOS ANGELES, a California municipal corporation and DOES, 1-10, inclusive,

              Defendants-Appellees.

No.    17-55620

D.C. No.
2:15-cv-06153-FMO-PJW
Central District of California,
Los Angeles

ORDER

Before:  IKUTA and OWENS, Circuit Judges, and GILLIAM,* District Judge.

The memorandum disposition filed on October 17, 2018, and reported at 740 F. App'x 135 is hereby amended.  The superseding amended opinion will be filed concurrently with this order.

The Petition for Panel Rehearing is DENIED (Dkt. No. 37).  No further petitions for rehearing or petitions for rehearing en banc will be entertained.

---

        *        The Honorable Haywood S. Gilliam, Jr., United States District Judge for the Northern District of California, sitting by designation.

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARAMOUNT CONTRACTORS AND DEVELOPERS, INC., a California corporation,<br><br>              Plaintiffs-Appellants,<br><br>   v.<br><br>CITY OF LOS ANGELES, a California municipal corporation and DOES, 1-10, inclusive,<br><br>              Defendants-Appellees. | No.    17-55620<br><br>D.C. No.<br>2:15-cv-06153-FMO-PJW<br><br>AMENDED<br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted October 9, 2018
Pasadena, California

Before:  IKUTA and OWENS, Circuit Judges, and GILLIAM,[**] District Judge.

Paramount Contractors and Developers, Inc. ("Paramount") appeals from the

district court's order granting the City of Los Angeles's ("City's") motion to

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Haywood S. Gilliam, Jr., United States District Judge for the Northern District of California, sitting by designation.

dismiss.[1]  Paramount alleges that the City failed to properly apply its signage regulations when it denied Paramount's permit applications for "supergraphic signs" and "wall signs."  The district court determined that res judicata barred the claims because of the preclusive effect of Paramount's prior actions against the City in pursuit of permits to erect large signs on the same two commercial properties in Hollywood.  We have jurisdiction under 28 U.S.C. § 1291, and review the district court's dismissal on res judicata grounds de novo.  *Furnace v. Giurbino*, 838 F.3d 1019, 1023 n.1 (9th Cir. 2016).  We affirm in part, reverse in part, and remand.[2]

Res judicata applies when there is (1) identity or privity between parties; (2) a valid final judgment on the merits; and (3) identity of claims.  *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971).  Here, the parties agree that the first two elements are met.  The only dispute is over the third element: identity of claims.

This court applies four factors to determine whether successive actions have identity of claims: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether

---

[1]  The Folb Partnership was also party to the appeal, but has since withdrawn.  We dismiss the appeal as brought by the Folb Partnership.

[2]  We grant the City's Motion for Judicial Notice in Support of Opposition Brief.

substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citation omitted). The "same transactional nucleus of facts" inquiry "is the most important." *Id*. at 1202.

The district court did not err in determining that res judicata barred Paramount's claim concerning supergraphics. Paramount alleges that the City should have granted its permit applications for supergraphics because the applications qualify for the "grandfathering" exception to the City's ban on supergraphics under the 2010 amendment of the Hollywood Signage Supplemental Use District ("Amended SUD"). *See* L.A. Ordinance No. 181340 §§ 5(B)(11), 6(K) (amending L.A. Ordinance No. 176172). Paramount asserts that this claim did not arise from the same transactional nucleus of facts as prior actions because the current action presents Paramount's first permit applications since the City enacted the Amended SUD. We disagree. Paramount already challenged the Amended SUD in *Paramount Contractors & Developers, Inc. v. City of Los Angeles*, 516 F. App'x 614 (9th Cir. 2013) ("*Paramount II*"). Moreover, Paramount argued in *Paramount II* that its permit applications for supergraphics should be considered "grandfathered" under the Amended SUD, and the district court rejected this argument. *See Paramount Contractors & Developers, Inc. v.*

3

*City of L.A.*, 805 F. Supp. 2d 977, 1002 (C.D. Cal. 2011), *aff'd*, 516 F. App'x. 614. Thus, we affirm the district court's dismissal of Paramount's claim concerning supergraphics.

However, the district court erred in determining that res judicata barred Paramount's claim concerning wall signs. Paramount's challenge to the alleged wrongful denial of its permit applications for wall signs did not arise from the same transactional nucleus of common facts because the prior actions did not involve any dispute over wall signs. Paramount applied for wall sign permits for the first time after the prior actions concluded. Wall signs are distinct from supergraphics because the Los Angeles Municipal Code expressly defines supergraphics as a type of sign that "does not comply" with the parameters for wall signs. L.A. Mun. Code § 14.4.2 (cross-referencing § 14.4.10, "Wall Signs"). In other words, wall signs cannot be supergraphics. In addition, the Amended SUD bans supergraphics, with limited exceptions, but not wall signs. *See* L.A. Ordinance No. 181340 § 5(B). Therefore, we reverse the district court's dismissal of Paramount's claim concerning wall signs, and remand.

Because Paramount withdrew its constitutional claims on appeal, the only remaining claim is a purely local one. Thus, the district court has discretion to either exercise supplemental jurisdiction over this claim or remand the action to state court. *See* 28 U.S.C. § 1367; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

4

350 (1988). [3]

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[3] In its petition for panel rehearing, the City argues for the first time that Paramount waived its claims concerning wall signs by waiving its first cause of action. The City asserts that Paramount's wall sign claims were only part of the first cause of action, and were not part of the remaining cause of action. Because the City failed to raise waiver in its answering brief or at oral argument, we decline to address it. *See Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010).