14-3994-cv
*Salvani v. InvestorsHub.com*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fifteen.

PRESENT:     DENNY CHIN,
             CHRISTOPHER F. DRONEY,
                      *Circuit Judges*,
             EDWARD R. KORMAN,
                      *Senior District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH M. SALVANI, JFS INVESTMENTS INC.,
                      *Plaintiffs-Appellants*,

                 v.                                    14-3994-cv

INVESTORSHUB.COM, INC., ADVFN PLC, a company
incorporated under the laws of the United Kingdom,
JOHN DOE, known herein as "brklynrusso,"
IHUB.COM.COM, INC.,
                      *Defendants-Appellees*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:      Douglas R. Dollinger, Douglas R. Dollinger, P.C. & Associates, White Plains, New York

FOR DEFENDANTS-APPELLEES:      James J. McGuire, Deanna K. Shullman, Thomas & Locicero PL, Tampa, Florida, *and* Andrew G. Celli, Jr., Emery Celli Brinckerhoff & Abady LLP, New York, New York

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the opinion and order of the district court is **AFFIRMED**.

Plaintiffs-appellants Joseph M. Salvani and JFS Investments, Inc. ("JFS") appeal from a September 23, 2014 opinion and order of the United States District Court for the Southern District of New York, dismissing their claims under sections 10(b) and 9(a)(4) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 for failure to state a claim, and declining to exercise supplemental jurisdiction over the state law claims.  We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Salvani is the sole shareholder of JFS and, until September 5, 2013, was an investment consultant for CodeSmart Holdings, Inc. ("CodeSmart").  Defendant-appellee InvestorsHub.com, Inc. ("InvestorsHub"), which is owned by defendant-appellee ADVFN PLC ("ADVFN"), operates a website that includes a forum to share

investment advice. On September 5, 2013, John Doe (under the username "brklynrusso") posted that Salvani "was a former broker barred from the financial industry" who promotes stocks that quickly collapse after he has earned a profit -- "pump n dump at its best." App. at 17-18. Salvani discovered the post around that time. CodeSmart's stock prices then suffered a steep drop, and during that drop, Salvani sold his shares. Salvani contends that Doe's statements were a form of market manipulation and that InvestorsHub and ADVFN are responsible for Doe's statements.

Salvani and JFS brought suit, asserting claims arising under state law, including defamation and libel, and eventually under sections 10(b) and 9(a)(4) of the Exchange Act and SEC Rule 10b-5. On September 23, 2014, the district court denied defendants' motion to dismiss for lack of subject matter jurisdiction but *sua sponte* dismissed the securities law claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court then declined to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), dismissing those claims without prejudice. We affirm.

We review *de novo* a district court's *sua sponte* dismissal of an action and its complaint. *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013). To survive dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a plaintiff alleging that the defendant made a false or misleading statement must also "(1) 'specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading'; and (2) 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (quoting 15 U.S.C. § 78u-4(b)) (applying PSLRA to section 10(b) actions).

A plaintiff alleging a violation of section 10(b) or Rule 10b-5 must plead: (1) a material misrepresentation (or omission), (2) scienter, (3) a connection with the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) loss causation. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341 (2005); *see* 15 U.S.C. § 78u-4(b); 17 C.F.R. § 240.10b-5.  Section 9(a)(4) similarly requires a "(1) misstatement or omission (2) of material fact (3) made with scienter (4) for the purpose of inducing a sale or purchase of a security (5) on which the plaintiff relied (6) that affected plaintiff's purchase or selling price." *Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1161-62 (5th Cir. 1982) (footnotes omitted), *vacated on other grounds*, 460 U.S. 1007 (1983); *see* 15 U.S.C. § 78i(f).

Salvani failed to sufficiently plead reliance.  "The traditional (and most direct) way a plaintiff can demonstrate reliance is by showing that he was aware of a [defendant's] statement and engaged in a relevant transaction -- *e.g.*, purchasing

common stock -- based on that specific misrepresentation." *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2185 (2011).  A plaintiff may also plead under a "fraud on the market" theory that she "traded . . . in reliance on the integrity of the price set by the market." *Basic Inc. v. Levinson*, 485 U.S. 224, 245 (1988).

Salvani does not make express in his complaint his theory of reliance, but under either theory, Salvani's complaint is implausible on its face.  Salvani only pleads that following the post the market "evinc[ed] signs of stock manipulation," and his "shares were traded during this period wherein, but for the postings Salvani would not have experienced actual losses in his trades."  App. at 20.  As to the first theory, Salvani knew those statements were false (the post was about *him*).  It makes no sense that he would rely on statements about himself that he knew to be false.  As to the second theory, Salvani likewise could not have relied on the integrity of CodeSmart's stock price.  *See Basic*, 485 U.S. at 245.  Even assuming that Doe's post caused CodeSmart's precipitous stock price drop, Salvani purports he knew about this "market manipulation," and he cannot "be said to have relied on the integrity of a price he knew had been manipulated."  *Id.* at 247, 249 ("Who would knowingly roll the dice in a crooked crap game?" (quoting *Schlanger v. Four-Phase Sys. Inc.*, 555 F. Supp. 535, 538

(S.D.N.Y. 1982))). We therefore affirm the district court's determination that Salvani failed to plead reliance necessary to make his Exchange Act claims plausible.[1]

We also affirm the district court's dismissal without prejudice of the state law claims pursuant to 28 U.S.C. § 1367(c)(3). That dismissal was not an abuse of discretion, because this is "'the usual case in which all federal-law claims are eliminated before trial,' [and] 'the balance of factors . . . [thus] point[s] toward declining to exercise jurisdiction over the remaining state-law claims.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

We have reviewed plaintiffs-appellants' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the opinion and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The district court concluded that Salvani's "fraud on the market" theory fails because he pleaded that CodeSmart traded on the Over-the-Counter Bulletin Board (the "OTCBB") operated by the Financial Industry Regulatory Authority but did not plead that the OTCBB was an "efficient market." We need not determine whether the OTCBB is an efficient market. *Cf. Basic*, 485 U.S. at 249 n.29 ("Proof of that sort is a matter for trial . . . ."). Nor do we need to address the district court's alternative holding that Salvani did not plead loss causation, because Salvani did not even rely on the purported misrepresentations. *See Erica P. John*, 131 S. Ct. at 2186 (finding loss causation only when "a misrepresentation that affected the integrity of the market price *also* caused the subsequent economic loss").