16-942-cv
*Nadesan v. Citizens Financial Group*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY
> *Circuit Judges*,

─────────────────────────────────

REVINDRAN NADESAN,

> *Plaintiff-Appellant*,

SUSAN NADESAN,

> *Plaintiff,*

> v.                                                                  16-942-cv

CITIZENS FINANCIAL GROUP, AKA ROYAL BANK OF SCOTLAND, WILLIAM OKAMURA, in his official capacity, DAVID MANZER, in his official capacity, VAIBHAV SHARMA, in his official capacity, MICHAEL MCQUADE, in his official capacity, MICHELE SOMMER, in her official capacity,

> *Defendants-Appellees,*

DIANE SAKOWSKI, in her official capacity

1

*Defendant*.

For Plaintiff-Appellant: WILLIAM S. PALMIERI, Law Offices of William S. Palmieri, LLC, New Haven, Connecticut

For Defendants-Appellees: MARK W. BATTEN (Samantha L. Regenbogen, *on the brief*), Proskauer Rose LLP, Boston, Massachusetts

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Revindran Nadesan appeals from the judgment of the district court dismissing his claims of discrimination and retaliation in violation of 42 U.S.C. § 1981 and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a–60, *et seq.*, as well as his state common law claims for breach of contract, assault, negligent infliction of emotional distress, and negligent hiring, retention, and supervision. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's grant of a motion to dismiss. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). In reviewing, we accept the facts in the complaint as true and draw all inferences in the plaintiff's favor. *Id.* at 306–07. We review for abuse of discretion both the district court's exercise of supplemental jurisdiction, *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014), and its denial of leave to amend a pleading, *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999).

Nadesan first argues his complaint adequately pleads a claim for race discrimination within the meaning of § 1981. Section 1981 provides a cause of action for discrimination on the basis of race, which includes "ancestry or ethnic characteristics," but not for discrimination based "solely on the place or nation of [the plaintiff's] origin." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Nadesan's complaint repeatedly asserts that he is a

2

"Singapore National," and that he was treated differently from his coworkers on this basis. The complaint does not, however, allege facts that if true would establish that any different treatment was based on Nadesan's race, ethnicity, or ancestry as opposed to his nation of origin. Although we are sensitive to the potential overlap among these categories in the § 1981 context, we agree with the district court: Nadesan's complaint does not state a claim for race discrimination within the meaning of § 1981.

Nadesan next contends his complaint adequately pleads a § 1981 retaliation claim. "To establish a presumption of retaliation at the initial stage of a . . . litigation, a plaintiff must present evidence that shows '(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" *Littlejohn*, 795 F.3d at 315–16 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)). The facts in the complaint must give "plausible support" to these requirements. *Id.* at 311. The complaint alleges that Nadesan filed a discrimination complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), and that two of the individual defendants knew about this complaint. But the complaint is otherwise so short on facts that it is not plausible to infer that Nadesan suffered an adverse employment action as a result of his complaining to the CHRO. For substantially the same reasons stated by the district court, we affirm the dismissal of Nadesan's retaliation claim.

Nadesan also contends that the district court abused its discretion by retaining jurisdiction over his state law claims after dismissing his federal claims. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). This is not, however, an inflexible rule. "[A]

3

district court does not abuse its discretion where the 'values of judicial economy, convenience, fairness, and comity' support the exercise" of supplemental jurisdiction. *Delaney*, 766 F.3d at 170 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Here, the state law claims involved the same factual allegations as the federal claims, and resolving the state law claims did not require considering unsettled questions of state law. Accordingly, the district court did not abuse its discretion by exercising supplemental jurisdiction over them.

Finally, Nadesan contends the district court should have granted him leave to amend his complaint. As conceded at oral argument, Nadesan never sought leave to amend his complaint. The district court did not abuse its discretion by declining to grant a request that was never made. *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2005), *abrogated on other grounds by FTC v. Actavis, Inc.*, 133 S. Ct. 2223 (2013).

We have considered Nadesan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4