17-1048-cv
Bhattacharya v. SUNY Rockland Cmty. Coll., et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand seventeen.

PRESENT:  RAYMOND J. LOHIER, JR.,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　*Circuit Judges*,
　　　　　　JED S. RAKOFF,
　　　　　　　　*District Judge*.*

------------------------------------------------------------

ROBIN BHATTACHARYA,

　　　　*Petitioner-Appellant*,

　　　　　　v.　　　　　　　　　　　　　　　　　No. 17-1048-cv

SUNY ROCKLAND COMMUNITY COLLEGE, SUNY ROCKLAND COMMUNITY COLLEGE, BOARD OF TRUSTEES, ROCKLAND COMMUNITY COLLEGE ADJUNCT FACULTY ASSOCIATION, LOCAL 4896, NYSUT, AFT, AFL-CIO, JERRY BORREGGINE,

　　　　*Respondents-Appellees*.

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

---

FOR APPELLANT:                    MICHAEL D. DIEDERICH, JR., Stony Point, NY.

FOR APPELLEES:                    ERIC DRANOFF, Saretsky Katz & Dranoff, LLP, New York, NY, *for* SUNY Rockland Community College & SUNY Rockland Community College, Board of Trustees.

MEGAN M. MERCY, New York State United Teachers, Latham, NY, *for* Rockland Community College Adjunct Faculty Association, Local 4896, NYSUT, AFT, AFL-CIO & Jerry Borreggine.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).   UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Robin Bhattacharya appeals from a judgment of the District Court (Briccetti, J.) dismissing his First Amended Complaint ("FAC") for failure to state a claim, denying Bhattacharya leave to file a proposed Second Amended Complaint ("SAC"), and declining to exercise supplemental jurisdiction over Bhattacharya's State law claims.   We assume the parties' familiarity with the

facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

First, Bhattacharya argues that the FAC states a claim for violation of his First Amendment rights. We disagree. A claim by a government employee for retaliation under the First Amendment requires at least that the plaintiff (1) spoke "as a citizen" (2) about "matters of public concern." Connick v. Myers, 461 U.S. 138, 143 (1983); see also Weintraub v. Bd. of Educ., 593 F.3d 196, 200 (2d Cir. 2010). Otherwise, the employee "has no First Amendment cause of action based on his or her employer's reaction to the speech." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006); Weintraub, 593 F.3d at 201. The allegations in the FAC, viewed in the light most favorable to Bhattacharya, satisfy neither element. Bhattacharya spoke as an employee rather than a citizen because the speech he contends is protected—refusing to permit cheating by students—is "part-and-parcel" of his official duties. See Weintraub, 593 F.3d at 203. Indeed, "maintaining class discipline" is one of the "core duties" of a teacher. Id. at 198. In addition, there is no plausible allegation that the speech at issue was on a matter of public concern rather than "calculated to redress [a] personal grievance[]" between

3

Bhattacharya and his students. Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008) (quotation marks omitted).

Bhattacharya responds that Garcetti does not apply because the Supreme Court expressly left open whether its holding applies to "speech related to scholarship or teaching." Garcetti, 547 U.S. at 425. But here Bhattacharya's speech involved neither scholarship nor teaching. See Lane v. Franks, 134 S. Ct. 2369, 2378 (2014) (applying Garcetti to college employee when speech was non-scholastic).[1] Rather, it involved "maintaining class discipline." See Weintraub, 593 F.3d at 198. Bhattacharya also argues that he has stated an "academic freedom" claim under the First Amendment. We have recognized an academic freedom claim where a restriction on speech implicates the content of a teacher's lessons or restricts a school's ability to determine its curriculum. See Burt v. Gates, 502 F.3d 183, 190–91 (2d Cir. 2007) (collecting cases). But the FAC does not allege that any of the appellees restricted the content of Bhattacharya's class. Accordingly, the District Court properly dismissed his First Amendment claim.

---

[1] Moreover, even if Garcetti did not apply to this case, we would still affirm because the speech at issue is not on a matter of public concern, a requirement that predates Garcetti. See Connick, 461 U.S. at 143.

Bhattacharya also argues that the District Court erred in denying him leave to file his proposed SAC to add a due process claim.   Bhattacharya's proposed due process claim is based on the same claim of academic freedom that, we have already concluded, the District Court properly rejected.   Amendment would therefore have been futile.   Additionally, Bhattacharya's original complaint asserted a due process claim.   His FAC begins by stating that it "eliminates all federal claims except [his] First Amendment claim to free speech and association as a part of academic freedom."   App'x 1.

Finally, pointing out that this action was removed from State court, Bhattacharya argues that the District Court should have remanded his State law claims rather than dismissing them without prejudice.[2]   When a district court declines to exercise supplemental jurisdiction in a case removed from State court, it has discretion either to dismiss the claims without prejudice or to remand the claims.   See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); Baylis v.

---

[2] We note that the District Court's March 15, 2016 Opinion and Order states only that the District Court declined to exercise supplemental jurisdiction over Bhattacharya's State law claims, without reference to whether those claims were dismissed or remanded to State court.   The subsequent judgment dismissed Bhattacharya's case.   In light of the appellees' statements at oral argument that they have no objection to the remand of the State law claims to State court, we invite the District Court to clarify whether it intended to remand those claims to State court, within its discretion.

5

Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988).   Bhattacharya has not identified any reason why remand was more appropriate than dismissal, nor does it appear that he raised this issue before the District Court.   Accordingly, we discern no abuse of discretion in the District Court's decision to dismiss Bhattacharya's State law claims without prejudice.

We have considered Bhattacharya's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court