DAVID G. LARIMER, United States District Judge
On August 7, 2017, this Court granted defendants' motion for summary judgment as to all claims in the Complaint except for the breach of contract claim (Dkt. # 46). All of the dismissed claims were federal claims upon which original jurisdiction was based. The remaining claim, the breach of contract claim, is a pendent state law claim.
The Court directed the parties to brief the issue as to whether this Court should continue to exercise supplemental jurisdiction over the remaining state law claim or remand the case and the claim back to state court. Defendants' filing (Dkt. # 47) urged the Court to retain jurisdiction and continue to exercise supplemental jurisdiction over the breach of contract claim. Plaintiff's counsel, on the other hand, urged the Court to remand the remaining claim to state court (Dkt. # 48).
28 U.S.C. § 1367 provides that the district court may exercise supplemental jurisdiction over state law claims which are related to federal claims over which the court has original jurisdiction. If the federal claims are abandoned or dismissed, the district court "may" decline to continue to exercise supplemental jurisdiction. Section 1367(c)(3). The rule, however, is a flexible one and a district court may exercise supplemental jurisdiction depending on the particular facts of the case. The doctrine of pendent jurisdiction is flexible and requires the Court to "consider and weight values of co-judicial economy, convenience, fairness and comity." Carnegie-Mellon University v. Cohill , 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).
I believe the facts in this case are such that this Court should retain jurisdiction over the pending contract claim. First of all, this case has been pending for several years. The parties have engaged in discovery and it is now complete. Defendants moved for summary judgment and the Court granted the motion as to the federal claims and has reserved decision on the state contract claim. The parties have carefully briefed that issue and submitted affidavits and documentation on the motion.
Nothing is gained by remanding this case to state court. Such action would involve significant duplication of efforts not only by the attorneys but by a state court judge to whom the matter would be assigned. The matter does involve state law, *571 which will control the decision, but it does not appear to be a novel or unsettled state law issue. This Court has already developed knowledge about the case and the respective positions of the parties.
In this case, plaintiff mounted virtually no opposition to defendants' motion for summary judgment on the federal claims. The bulk of his papers related to the contract claim and that was thoroughly briefed and argued by the parties before this Court. This issue is the remaining issue to be decided on summary judgment. If the motion is granted, the case is concluded; if the motion is denied, the case appears to be trial ready.
Therefore, alter considering the relevant factors and controlling legal authority, I believe this Court's continued exercise of supplemental jurisdiction over the sole remaining pendent state law claim is appropriate. To now remand the case to state court would be unfair to the parties, would involve a duplication of efforts by all, including a state court judge, and since there are no novel or unsettled state law issues involved, retaining jurisdiction is appropriate.
CONCLUSION
This court declines to remand the remaining state law claim to state court and will continue to exercise supplemental jurisdiction on the claim, which is now the subject of defendants' motion for summary judgment.
The Court continues to reserve decision on the summary judgment motion relating to the contract claim and will issue a written decision in due course.
IT IS SO ORDERED.