**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BRUCE BOYER, an individual,
*Plaintiff-Appellant*,

v.

CITY OF SIMI VALLEY,
*Defendant-Appellee.*

No. 19-55723

D.C. No.
2:19-cv-00560-
R-JPR

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 11, 2020
San Francisco, California

Filed October 14, 2020

Before: Eric D. Miller and Danielle J. Hunsaker, Circuit
Judges, and Douglas L. Rayes,\* District Judge.

Opinion by Judge Hunsaker

---

\* The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

**SUMMARY**[**]

**Civil Rights**

The panel reversed in part and affirmed in part the district court's dismissal, pursuant to Federal Rule Civil Procedure 12(b)(6), of an action challenging the constitutionality of the City of Simi Valley's regulations prohibiting mobile billboards on public property unless they qualify as authorized emergency or construction-related vehicles.

The district court found that the City's ordinances were content-neutral and reasonable time, place, and manner restrictions that did not violate the First Amendment.

The panel inferred, from the Simi Valley Municipal Code § 4-9.501, that the City believed it was "reasonable and necessary" to exempt authorized vehicles from displaying billboards on public property to "protect the health, safety, and welfare" of the community. The panel stated that the City's ordinance exempting authorized emergency or construction-related vehicles from the prohibition on mobile billboard advertising made sense only if the panel assumed that authorized vehicles were more likely to display messages that promote public health, safety, and welfare than nonauthorized vehicles. The panel stated that to execute its purpose of health, safety and welfare, the City enacted an ordinance that preferred speakers likely to spread messages consistent with its purpose. The panel held that

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

this was a prudent preference, a reasonable rationale, and a content-based choice that triggered strict scrutiny.

The panel held that the exemption could not be justified as a mere codification of the government speech doctrine because the exemption did not limit authorized vehicles to displaying only those messages made by government entities or that were effectively controlled by the City. Because the exemption allowed authorized vehicles to display messages that were not subject to government control, the exemption could not avoid strict scrutiny based on the government speech doctrine. Noting that the parties had not briefed the strict scrutiny standard on appeal or below, the panel declined to apply this standard in the first instance and instead instructed the district court on remand to consider plaintiff's claims consistent with its opinion.

The panel affirmed the district court's dismissal of plaintiff's state law claims and held that the district court did not err in declining plaintiff's request to remand the claims to state court. Because the district court had subject matter jurisdiction over plaintiff's claims under 28 U.S.C. § 1367, it could evaluate them on the merits and dismiss them with prejudice at the same time it dismissed plaintiff's federal claims.

## COUNSEL

George M. Wallace (argued), Wallace Brown & Schwartz, Pasadena, California, for Plaintiff-Appellant.

Danielle C. Foster (argued) and Jill Williams, Carpenter Rothans & Dumont, Los Angeles, California, for Defendant-Appellee.

## OPINION

HUNSAKER, Circuit Judge:

Bruce Boyer challenges the constitutionality of the City of Simi Valley, California's regulations prohibiting mobile billboards on public property unless they qualify as authorized emergency or construction-related vehicles. The district court dismissed Boyer's claims on the pleadings, concluding the restrictions are content-neutral, reasonable time, place, and manner restrictions that do not infringe the First Amendment right of freedom of speech. It also dismissed Boyer's state law claims. We reverse in part, affirm in part, and remand.

## I.  BACKGROUND

In 2016, defendant-appellee City of Simi Valley (City) adopted an ordinance that prohibits the parking or standing of "mobile billboard advertising display[s] on any public street, alley or public lands in the City." Simi Valley Municipal Code (SVMC) § 4-9.601. The ordinance authorizes peace officers and certain City employees to impound mobile billboard advertising displays (mobile billboards) parked illegally under SVMC § 4-9.601. SVMC § 4-9.603. Certain authorized vehicles—emergency vehicles

and vehicles used "for construction, repair or maintenance of public or private property"—are exempt from the ban on mobile billboard advertising displays.[1] SVMC § 4-9.701 (Authorized Vehicle Exemption or Exemption).

Viewing the allegations in the light most favorable to Boyer, *Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018), he utilizes various "vehicles, including trailers attached to and detached from motor vehicles, and other non-motorized vehicles that may qualify as 'mobile billboard advertising displays' within the City of Simi Valley for the purposes of speech and expression." Boyer parks his mobile displays "in locations where parking of most any other vehicle is permitted." And on various occasions, the City has impounded or threatened to impound his vehicles and displays.

In December 2018, Boyer sued the City in state court, targeting the City's ordinances regulating mobile billboard advertising displays. He argued that the ordinances at issue violated his First Amendment right to freedom of speech and that they were invalid because they were preempted by California state law. The City timely removed the case to federal court. After the City answered, Boyer filed a First Amended Complaint, and the City moved to dismiss under Federal Rule Civil Procedure 12(b)(6).

---

[1] A mobile billboard is not a motor vehicle but instead is "an advertising display that is attached to a mobile, nonmotorized vehicle, device, or bicycle, that carries, pulls, or transports a sign or billboard, and is for the primary purpose of advertising." SVMC § 4-9.602. While common sense may seem to exclude "authorized vehicles" from this definition, the City offers "peace officer patrol bicycles" and "construction trailers" as examples that would qualify as both authorized vehicles and mobile billboards.

The district court granted the City's motion, concluding the City's ordinances were content-neutral and reasonable time, place, and manner restrictions that did not violate the First Amendment. It also dismissed Boyer's state law claims. Although the district court granted Boyer leave to amend certain claims not at issue here, Boyer chose not to do so. Instead, he asked the district court to dismiss all his federal claims and remand his state law claims back to California court. Shortly thereafter, the district court dismissed Boyer's case in its entirety. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 597 (9th Cir. 2020).

## II.  DISCUSSION

### A.  Boyer's First Amendment Claims

The First Amendment, applied via the Fourteenth Amendment, "prohibits state and local governments from enacting laws 'abridging the freedom of speech.'" *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192, 1197 (9th Cir. 2016) (quoting U.S. Const. amend. I). Content-based regulations—those that target speech based on its topic, idea, or message—are presumptively invalid. *Id.* To survive, they must pass strict scrutiny: the government must prove "they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015). Even content-based regulations that "seem entirely reasonable" may fail strict scrutiny. *Id.* at 171 (internal quotation and citation omitted).

The Supreme Court has cautioned that speaker-based regulations "are all too often" content-based regulations in disguise. *Id.* at 170. When a regulation makes speaker-based

distinctions, we ask whether that "speaker preference reflects a content preference." *Id.* (quoting *Turner Broadcasting Sys., Inc. v. FCC*, 512 U.S. 622, 658 (1994)). If it does, we treat it the same as any other content-based regulation and apply strict scrutiny. *Id.*

To determine whether a regulation is content based, we first consider whether, "on its face, it draws distinctions based on the message a speaker conveys." *Lone Star*, 827 F.3d at 1198 (internal quotation and citation omitted). If the regulation is facially neutral, we determine whether "it is nevertheless a content-based regulation of speech because it cannot be justified without reference to the content of the regulated speech." *In re Nat'l Sec. Letter*, 863 F.3d 1110, 1123 (9th Cir. 2017) (internal quotation and citation omitted).

Boyer concedes the mobile billboard advertising prohibition, SVMC § 4-9.601–603, standing alone, is content neutral under *Lone Star*. Sure enough, the City's prohibition is almost identical to the prohibition upheld in *Lone Star*. However, unlike the ordinances examined in *Lone Star*, the City's ordinance exempts certain authorized vehicles from the ban on mobile billboards. And Boyer argues that this Authorized Vehicle Exemption transforms an otherwise content-neutral prohibition into a content-based restriction on speech.

Under the Exemption, authorized emergency and construction, repair, or maintenance vehicles are not subject to the "provisions . . . regulating the operation, parking and standing of vehicles." SVMC § 4-9.701. Both parties agree the Authorized Vehicle Exemption applies to the mobile billboard regulations and, therefore, a mobile billboard may be parked on a public street if it qualifies as an authorized vehicle. *Id.*; *see also* SVMC § 4-9.601.

In exempting authorized emergency and construction, repair, or maintenance vehicles, Boyer asserts that the City ordinances prefer certain speakers over others. That is, an authorized vehicle can contain a mobile billboard and park on Simi Valley streets but nonauthorized vehicles containing mobile billboards cannot. The City agrees. The question the parties disagree on—and the question we must answer—is whether allowing certain speakers to park mobile billboards on public property but not others reflects a *content* preference. Boyer argues the Authorized Vehicle Exemption "is inescapably a content-based distinction." We agree.

On its face, the Authorized Vehicle Exemption is content neutral. *See Lone Star*, 827 F.3d at 1200. The Exemption is framed by vehicle category—it does not expressly restrict the topic, idea, or message that an authorized vehicle could display via a mobile billboard advertising[2] display. *See* SVMC §§ 4-9.701, .702. Apparently, an authorized vehicle could display a mobile billboard with a political message, a

---

[2] *Lone Star* forecloses reading the word "advertising" as limiting the exemption to commercial speech. 827 F.3d at 1199. California courts have defined "advertise" extremely broadly in the mobile billboard context. *See Showing Animals Respect & Kindness v. City of West Hollywood*, 166 Cal. App. 4th 815, 819–20 (2008). Under California law, making something known to the public, whether the subject is commercial or not, is advertising. *Id.* In *Lone Star*, the court noted, the "California Court of Appeal has already recognized that the word 'advertising' refers to the activity of displaying a message to the public, not to any particular content that may be displayed." 827 F.3d at 1199. It continued, quoting from the California Court of Appeal: "The term 'advertise' is not limited to calling the public's attention to a product or a business. The definition of 'advertise' is more general: 'to make something known to[;] . . . to make publicly and generally known[;] . . . to announce publicly . . . . ' Thus, although the subject of the matter brought to notice may be commercial, it is not necessarily so." *Id.* (internal citations omitted).

public-safety message, a paid message, or an infinite plethora of other messages, all of which would be allowed. *Id.* An officer determining whether the ordinance was violated would not have to consider the content of the speech. *See Lone Star*, 827 F.3d at 1200. Instead, the officer would need evaluate only the manner of speech (whether it is part of a mobile billboard); the place of speech (whether it is located on public property); and the speaker (whether the display is an authorized vehicle). SVMC §§ 4-9.601, .701. Because the Exemption does not facially distinguish between speakers based on the message they convey, we consider whether the speaker preference is justifiable "without reference to the content" of the speech. *Nat'l Sec. Letter*, 863 F.3d at 1123 (internal quotation and citation omitted).

We struggle to identify a justification for allowing speech only from authorized emergency and construction, repair, or maintenance vehicles that does not rely on content, and the City offers none. The City cites SVMC § 4-9.501 as setting forth the purpose of the relevant ordinances. That provision states, in pertinent part, that the parking regulations at issue are "reasonable and necessary to protect the health, safety, and welfare of the citizens of the City." From this we infer that the City believed it was "reasonable and necessary" to exempt authorized vehicles from displaying billboards on public property to "protect the health, safety, and welfare" of the community. SVMC § 4-9.501.

But that justification makes sense only if we assume that authorized vehicles are more likely to display messages that promote public health, safety, and welfare than nonauthorized vehicles. In other words, how else could allowing authorized vehicles to display messages via mobile

billboards protect the health, safety, and welfare of City residents if not because those authorized vehicles are likely to display public-safety related messages?[3] Thus, to execute its purpose, the City enacted an ordinance that prefers speakers likely to spread messages consistent with its purpose. This is a prudent preference, a reasonable rationale, *and a content-based choice* that triggers strict scrutiny. *See Reed*, 576 U.S. at 170. Even "perfectly rational" sign ordinances must yield to the "clear and firm rule governing content neutrality [that] is an essential means of protecting the freedom of speech." *Id.* at 171. That firm rule mandates strict scrutiny review whenever an ordinance allows some messages, but not others, based on content—no matter how sensible the distinction may be. *Id.*

Although neither party raises the issue, we pause briefly to consider whether the government speech doctrine saves the Authorized Vehicle Exemption. In his *Reed* concurrence, Justice Alito noted that "government entities may also erect their own signs consistent with the principles that allow governmental speech" and that "[t]hey may put up all manner of signs to promote safety." *Id.* at 175 (Alito, J., concurring) (internal citation omitted). Under Justice Alito's view, a content preference for government speech is not a content-based *restriction* at all. *Id.*

Here, however, it does not appear that the Authorized Vehicle Exemption can be justified as a mere codification of

---

[3] Arguably, the Exemption could also promote public safety by limiting the number of speakers who can display mobile billboards—potentially limiting the number of distracting signs—but the City does not advance that argument. And it fails regardless because, even if allowing fewer mobile billboards promotes public safety, it still does not explain why the City chose to allow only speakers likely to display messages consistent with its overall public safety goal.

the government speech doctrine. *See Pleasant Grove City v. Summum*, 555 U.S. 460, 467 (2009) ("The Free Speech Clause restricts government regulation of private speech; it does not regulate government speech."). Certainly, some of the speech by authorized vehicles covered by the Authorized Vehicle Exemption would qualify as government speech. *See* SVMC §§ 4-9.701, .702 (exempting certain government vehicles from the mobile billboard advertising prohibition). But it is not clear that all speech permitted by the Exemption qualifies as government speech. *See* SVMC § 4-9.701 (exempting authorized construction vehicles from the mobile billboard advertising prohibition).

As written, the Exemption does not limit authorized vehicles to displaying only those messages made by government entities or that are "effectively controlled" by the City. *See Pleasant Grove City*, 555 U.S. at 473 (extending the government speech doctrine to authorized private communication that is "effectively controlled" by the government). Indeed, the exemption neither limits authorized vehicles to displaying City-approved messages nor provides that a vehicle will lose its authorization when it speaks beyond the scope of its authority. *See* SVMC § 4-9.701. For example, a construction trailer could display a city-mandated message like "Lane Closed Ahead," *see* SVMC § 7-1.247 (mandating safety devices like "signs" whenever work encroaches on City streets), and private messages like "Drive Slow" or "Happy Holidays." Two of these messages promote public safety. SVMC § 4-9.501. And all three messages are allowed under the Exemption. Yet, only one message, "Lane Closed Ahead," is speech that is "effectively controlled" by the City.

If the Exemption subjected *every* message an authorized vehicle could promote via mobile billboard to City control,

it would not matter that the exemption can be justified only with reference to content because the regulation would likely fit within the government speech doctrine. But where the Exemption allows authorized vehicles to display messages that are not subject to government control, we do not see how the Authorized Vehicle Exemption can avoid strict scrutiny based on the government speech doctrine.

In sum, we conclude that exempting certain authorized vehicles from the ban on mobile billboard advertising displays can be justified only based on content. And, as indicated, the City does not advance any other justification. Because the district court concluded the ordinances were content neutral, it evaluated the sufficiency of Boyer's complaint against the wrong standard. We therefore vacate its order granting the City's motion to dismiss regarding Boyer's First Amendment claims. As the parties have not briefed the strict scrutiny standard here or below, we decline to apply this standard in the first instance and instead instruct the district court on remand to consider Boyer's claims consistent with this opinion. *Koala v. Khosla*, 931 F.3d 887, 904 (9th Cir. 2019) (reversing Rule 12(b)(6) dismissal and remanding for district court to reconsider First Amendment claim under proper framework).

## B.  Boyer's State Law Claims

Boyer argues that the district court, after dismissing his federal claims, erred by not remanding his state preemption claims back to California state court or dismissing them without prejudice. Notably, Boyer concedes that the district court correctly applied California law and that several California Court of Appeal cases "bound" the district court. Nonetheless, he argues that because he seeks to "attack and overturn" prevailing California authority, this court should

reverse the district court so that he can "bring this issue" before the California appellate courts. This argument fails.

Because the district court had subject matter jurisdiction over Boyer's claims under 28 U.S.C. § 1367, it could evaluate them on the merits and dismiss them with prejudice at the same time it dismissed Boyer's federal claims. Contrary to the parties' briefing, this is not a case where a state law claim lingered after the federal claims were dismissed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding district courts have discretion whether to dismiss state law claims after all the federal claims are dismissed and explaining the factors courts should consider when doing so). Instead, both claims were dismissed at the same time. Indeed, the district court even allowed Boyer to amend some of his federal claims not at issue here—that is, Boyer's *federal* claims continued after his *state* claims were dismissed—not vice versa. In such circumstances, the district court did not need to consider the factors regarding whether to retain supplemental jurisdiction over a state law claim.

## III. CONCLUSION

The City's mobile billboard regulations favor certain speakers because the City favors the likely speech of those speakers. Therefore, the district court erred in concluding the regulations are not content based. The district court did not err, however, in declining Boyer's request to remand his state law claims to state court.

**REVERSED IN PART, AFFIRMED IN PART, and REMANDED for further proceedings.** The parties shall bear their own costs.